UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DWAYNE GRIFFIN,
    Plaintiff,

vs.                                                                    10-1053

JUDGE MICHAEL MCCUSKEY,
    Defendants.

## DISMISSAL ORDER

The plaintiff, a state prisoner, filed this complaint pursuant to 42 U.S.C.§1983 against three federal judges from the United States District Court for the Central District of Illinois: Judge Michael McCuskey, Judge Harold Baker and Judge Joe Billy McDade.

Before the court considers the merits of the plaintiff's lawsuit, the court notes that the plaintiff has not paid the $350 filing fee, but has instead filed a motion to proceed *in forma pauperis*. The plaintiff has failed to mention in his motion or his complaint that he is restricted from proceeding *in forma pauperis*. Title 28, United States Code, Section 1915, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Six of the plaintiff's previous lawsuits have been dismissed during his incarceration for failure to state a claim upon which relief may be granted.[1] In addition, a federal court has specifically told the plaintiff on at least seven occasions that his case was dismissed because he had already accumulated three strikes.[2]

---

[1] *See Griffin v. Psexico*, Case No. 06-02566 (N.D. Ill.) ; *Griffin v. Blagojevich*, 06-315 (S.D. Ill); *Griffin v. Blagojevich*, 06-318 (S.D. Ill.): *Griffin v. Blagojevich*, 06-319 (S.D. Ill.); *Griffin v. Sheahan*, 98-3670 (N.D. Ill.); and *Griffin v. Sheahan*, 05-6763 (N.D. Ill.).

[2] *Griffin v. Herndon*, 07-463 (S.D. Ill); *Griffin v. Blagojevich*, 07-465 (S.D. Ill.); *Griffin v. Blagojevich*, 07-466; *Griffin v. Reagan*, 07-467 (S.D. Ill.); *Griffin v. Murphy*, 07-468 (S.D. Ill.); *Griffin v. Blagojevich*, 07-470 (S.D. Ill.); and *Griffin v. Blagojevich*, 07-471 (S.D. Ill.).

1

In the case at bar, the plaintiff is suing the judges based on their dismissal of the plaintiff's previous lawsuits. The plaintiff clearly does not meet the imminent danger standard of 28 U.S.C. § 1915(g). In addition, the plaintiff's claims are frivolous. As the plaintiff has previously been advised, a judge is entitled to absolute immunity for acts that are within his judicial capacity. *Griffin v Baker*, Case No. 09-1397, December 7, 2009 Dismissal Order; *Griffin v McDade*, Case No. 09-1389, November 30, 2009 Dismissal Order.

Therefore, the plaintiff's *in forma pauperis motion* is denied [d/e 2]. In addition, the case is dismissed . The court agrees with the reasoning in *Sloan v. Lesza*. 181 F.3d 857, 859 (7th Cir. 1999) which states:

> An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that §195(g) applies to a particular litigant will lead to immediate termination of the suit.

The court notes that even if the plaintiff had paid the filing fee in full, his complaint would be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.

Furthermore, until the plaintiff has paid in full the outstanding fees in all civil actions he has filed, the clerk of the court will return unfiled all papers he tenders. *See Sloan*, 181 F.3d 857; *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995). The plaintiff was previously admonished that such an order would be entered if he failed to pay the filing fee or inform the court of his three strikes status in future litigation. *Griffin v Blagojevich,* Case Nos. 07-1185, 07-1186, 07-1187, 07-1188, 07-1189, 07-1190, 07-1202; August 22, 2007 Order.

IT IS THEREFORE ORDERED that:

(1) The plaintiff's motion to proceed in forma pauperis is denied. [d/e 2]

(2) The plaintiff's complaint is dismissed in its entirety for the plaintiff's failure to inform the court that he had "struck out" under 28 U.S.C. § 1915(g);

(3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

(4) The plaintiff shall notify the clerk of the court of a change of address within seven days of such change. Release from incarceration does not relieve the plaintiff of his

obligation to pay the filing fee in full.

(5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

(6) The clerk of the court is directed to return unfiled all papers tendered by this plaintiff until the plaintiff has paid in full the outstanding fees in all civil actions he has filed. *See Sloan v. Lesza*. 181 F.3d 857, 859 (7th Cir. 1999); *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

Enter this 14th day of April, 2010.

                                              s/ Michael M. Mihm
                                              MICHAEL M. MIHM
                                              U.S. DISTRICT JUDGE